# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

NATIONSTAR MORTGAGE, LLC,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

Defendants.

Case No. 2:15-cv-00133-APG-BNW

**REPORT AND RECOMMENDATION**

Presently before the Court is Plaintiff's motion to amend its complaint (ECF No. 56), filed on November 6, 2019. Defendant responded on November 20, 2019 (ECF No. 60), and Plaintiff replied on November 26, 2019 (ECF No. 61).

## BACKGROUND

The complaint alleges that in 2006, Mr. Chin purchased a home. (ECF No. 1 at 3.) This home was secured by a deed of trust, which was assigned to Nationstar (the Plaintiff in this action). (*Id.*) Beginning in 2007, Mr. Chin allegedly failed to pay his homeowner's association dues. (*Id.* at 4.) Eventually, in September of 2013, the HOA foreclosed on the home and sold it to SFR (the defendant in this case). (*Id.* at 5.) After the HOA sold Mr. Chin's home to SFR, Nationstar filed this action to quiet title and obtain a declaratory judgment that the HOA foreclosure sale did not extinguish Nationstar's deed of trust. (*See* ECF No. 1.)

In August of 2016, this case was stayed. (*See* ECF No. 45.) While the case was stayed, the Nevada Supreme Court issued an opinion that is relevant to the Plaintiff's motion to amend its complaint, namely, *Saticoy Bay LLC v. JPMorgan Chase Bank*, 408 P.3d 558 (Nev. 2017) (unpublished) (referred to as "*Golden Hill*"). According to Nationstar, the court in *Golden Hill* held that homeowner payments may satisfy an HOA's superpriority lien. (ECF No. 56 at 2.) That is, if a homeowner pays the superpriority portion of the HOA's lien before the home is sold, the bank maintains its interest in the home after it is sold.

Here, Nationstar alleges that Mr. Chin satisfied the superpriority portion of the HOA's lien before his home was sold and seeks leave to add these facts to its complaint. (*Id.* at 2.) Nationstar further argues that these facts were not relevant prior to the Nevada Supreme Court's decision in *Golden Hill* but are now relevant to proving that its deed of trust was not extinguished. (*Id.*)[1]

SFR opposes Nationstar's motion to amend its complaint on several grounds, which are discussed below.

**DISCUSSION**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

---

[1] Nationstar also notes that it does not concede that it must amend its complaint to argue the theory of homeowner tender. (ECF No. 56 at 2 n.1.) The court expresses no opinion on this issue at this time.

1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted).

Additionally, Local Rule 26-4 provides that a "request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect."

Here, Plaintiff's motion to amend was filed after the deadline to amend pleadings. The deadline to amend pleadings was October 7, 2015 (ECF No. 11 at 2), and Plaintiff's motion to amend was filed on November 6, 2019. (ECF No. 56.) Accordingly, the Court must begin its analysis with Rule 16(b).

**A. Analysis Under Rule 16(b)**

Nationstar argues that good cause exists for its late filing of its motion to amend. (ECF No. 56 at 4.) This is so, according to Nationstar, because it could not file its motion to amend before the deadline to amend pleadings. (*See id.* at 4-5.) This case was stayed after the deadline to amend pleadings (in August of 2016). During the stay, the decision on which Plaintiff's motion to amend is based, *Golden Hill*, was decided. Before the time, Plaintiff had no authority upon which to seek to amend its complaint. (*See id.* at 4.) After *Golden Hill* was decided, the case was still stayed. However, once the stay was lifted on September 9, 2019, Plaintiff diligently moved to amend its complaint on November 6, 2019. (*Id.* at 5.) In short, Plaintiff argues that as soon as it both had authority to seek leave to amend and the case was unstayed, it sought leave to amend.

SFR disagrees. (*See* ECF No. 60 at 11.) It argues that Nationstar has known about the underlying facts, namely, Mr. Chin's payments, since November 2015. (*Id.*) SFR further asserts

that the decision in *Golden Hill* provides no excuse for the delay. (*Id.* at 12.) This is so because (1) *Golden Hill* is unpublished, and thus not binding; (2) the bank in *Golden Hill* raised homeowner tender as a defense (so Nationstar could have previously, too); and (3) Nationstar did not move to lift the stay immediately after *Golden Hill* was decided so that it could move to amend its complaint. (*Id.* at 12-13.) According to SFR, Nationstar could have asserted homeowner tender before the case was stayed (but did not), could have moved to lift the stay to assert it immediately after *Golden Hill* was decided (but did not), and could have moved to amend immediately after the stay was lifted (but rather waited roughly two months). (*Id.* at 13.) As such, Nationstar was not diligent in seeking amendment.

Nationstar's reply disputes SFR's contentions and maintains that it had no valid basis upon which to raise the theory of homeowner tender until *Golden Hill* was decided. (ECF No. 61 at 5.) Nationstar argues that it moved to amend its complaint shortly after the stay was lifted and thus acted diligently. (*Id.*)

The court finds that Nationstar failed to carry its burden to establish good cause for its delay in moving to amend under Rule 16(b). While the court is inclined to agree that Nationstar could not have moved to amend before *Golden Hill* was decided (as it provides the very authority upon which Nationstar relies) or while the case was stayed, Nationstar does not explain why it waited roughly two months after the case was unstayed to move to amend.

In Nationstar's opening brief, it merely asserts that it was diligent in filing its motion roughly two months after the case was unstayed. (ECF No. 56 at 5.) But it does not cite any authority for the proposition that filing a motion to amend roughly two months late shows diligence or is presumptively acceptable. Nor does Nationstar explain why it waited this long. All Nationstar writes is that it reviewed the documents produced in this case to determine if any new defenses applied and discovered the theory of homeowner tender. (*Id.*) However, Nationstar had access to the facts supporting the theory of homeowner tender since 2015 (*id.*) and the law (*Golden Hill*) since 2017 (when the case was decided). Accordingly, this explanation still provides no reason why Nationstar waited roughly two months to move to amend after the case was unstayed.

Nationstar did not offer any further explanation in its reply brief. It merely asserts that "Nationstar acted diligently in raising the issue shortly after the stay lifted in this case." (ECF No. 61 at 5.) Again, this provides no explanation for why Nationstar waited two months after the stay was lifted to move to amend, but rather assumes that two months is an acceptable period.

While there is no bright-line rule in the Ninth Circuit for how long is "too long" to wait to move to amend, there is controlling authority that waiting four months (without good reason) is too long and persuasive authority that waiting two months or even less (again, without good reason) is too long. *See, e.g.*, *Mammoth Recreations*, 975 F.2d at 610 (affirming finding of no good cause for motion made four months after the cut-off date for motions to amend); *Lamberth v. Clark Cty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) (affirming finding of no good cause when plaintiffs moved to amend three and a half months after deadline for amendments); *Jones v. Desert Reg'l Ctr.*, 2018 WL 1538911, at *6 (D. Nev. Mar. 29, 2018) (affirming denial of motion to amend when plaintiffs waited until two months after the deadline to file their motion to amend); *Murnane v. Las Vegas Metro. Police Dep't*, No. 213CV01088MMDPAL, 2015 WL 13676690, at *3 (D. Nev. June 4, 2015) (no good cause shown for waiting over a month to seek leave to amend); *Branch Banking & Tr. Co. v. D.M.S.I., L.L.C.*, No. 2:11-CV-01778-APG, 2013 WL 3197663, at *1-*2 (D. Nev. June 21, 2013), *aff'd sub nom. Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751 (9th Cir. 2017) (affirming finding of no good cause when defendants sought leave to amend answer and counterclaims two months after deadline). Because Nationstar did not offer any reason why it waited roughly two months after the stay was lifted to move to amend, it failed to establish that it acted diligently. Nationstar has not shown good cause for its delay. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's motion to amend (ECF No. 56) be DENIED.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 3, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE