# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NATIONSTAR MORTGAGE, LLC,

    Plaintiff

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendants

Case No.: 2:15-cv-00133-APG-BNW

**Order (1) Granting Nationstar's Motion for Summary Judgment, (2) Granting in Part SFR's Motion for Summary Judgment, and (3) Denying SFR's Motion for Default Judgment**

[ECF Nos. 62, 65, 71]

Plaintiff Nationstar Mortgage, LLC (Nationstar) sues to determine whether a deed of trust still encumbers property located at 5065 Auburn Skyline Avenue in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Nationstar seeks a declaration that the HOA foreclosure sale did not extinguish the deed of trust and it asserts an unjust enrichment claim against defendant SFR Investments Pool 1, LLC (SFR), which purchased the property at the foreclosure sale. SFR counterclaims to quiet title and it cross-claims against Bay Capital Corporation, which was the original lender under the deed of trust, and Stanley Chin, who was the former homeowner. SFR stipulated to dismiss its claim against Chin. ECF No. 29.

SFR moves for summary judgment against Nationstar, arguing that the HOA foreclosure sale was properly conducted so it extinguished the deed of trust. SFR also contends the unjust enrichment claim fails because the property never belonged to Nationstar and thus SFR has not retained any property belonging to Nationstar. SFR also moves for default judgment against Bay Capital Corporation.

Nationstar moves for summary judgment, arguing Chin paid the superpriority amount prior to the sale. Nationstar also argues that the sale violated due process. Finally, Nationstar

argues the sale should be equitably set aside because the HOA foreclosed despite Chin paying more than the superpriority amount and the property sold for a grossly inadequate price. SFR responds that Nationstar never asserted homeowner tender in its complaint or as an affirmative defense and it has not shown the HOA applied Chin's payments to the superpriority amount. SFR also argues that the deed of trust was extinguished under Nevada Revised Statutes § 106.240 because Nationstar recorded a notice of default that accelerated the underlying debt. SFR contends Nationstar cannot show a due process violation. Finally, SFR contends there is no basis to set aside the sale.

The parties are familiar with the facts, so I do not repeat them here except where necessary to resolve the motions. I grant Nationstar's motion and deny in part SFR's motion because no genuine dispute remains that the former homeowner tendered payments that were applied to the superpriority amount prior to the sale. However, I grant SFR's motion as to Nationstar's unjust enrichment claim because Nationstar presented no evidence or argument in support of that claim.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The

burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Nevada Revised Statutes § 106.240

SFR contends that the deed of trust has been extinguished under Nevada Revised Statutes § 106.240 because more than ten years have passed since the deed of trust was accelerated through a notice of default.  Nationstar responds that the notice of default did not make the debt "wholly due," and even if it did, the acceleration of the loan was later decelerated, so the statute does not apply.

Section 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

The Supreme Court of Nevada has not directly addressed what the statute means by the debt becoming "wholly due."  But that court has suggested that it means when the debt is "due in full," which would include "'the lender exercis[ing] his or her option to declare the entire note

due.'" *First Am. Title Ins. Co. v. Coit*, No. 70860, 412 P.3d 1088, 2018 WL 1129810, at *1 n.1 (Nev. 2018) (citing *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) ("[W]here contract obligations are payable by installments, the limitations statute begins to run only with respect to each installment when due, unless the lender exercises his or her option to declare the entire note due." (emphasis omitted))).  That would include not only the ultimate maturity date, but also a sooner date if the lender accelerates the debt and declares the entire debt due.  The statute's plain language supports this interpretation. *Local Gov't Employee-Mgmt. Relations Bd. v. Educ. Support Employees Ass'n*, 429 P.3d 658, 661 (Nev. 2018) (directing courts to give effect to a statute's "plain, unambiguous language").  It is also consistent with Nevada law that recognizes a lender's ability to accelerate and decelerate debts. *Clayton*, 813 P.2d at 999; *Cadle Co. II v. Fountain*, No. 49488, 281 P.3d 1158, 2009 WL 1470032 (Nev. 2009).  Both acceleration and deceleration require the creditor to take "some affirmative action . . . to make it known to the debtor that [the creditor] has exercised his option to accelerate" or decelerate. *Cadle Co. II*, 2009 WL 1470032, at *1 (quotation omitted); *see also Clayton*, 813 P.2d at 998-99.

The deed of trust gave the lender the contractual right to accelerate the debt. ECF No. 65-1 at 11 (stating that in the event of a default on the loan payments, the lender may "invoke the power of sale, including the right to accelerate full payment of the Note").  On May 14, 2007, the trustee under the deed of trust recorded a notice of default and election to sell. ECF No. 69-4. That notice stated that the trustee "has declared and does hereby declare all sums secured [by the deed of trust] immediately due and payable." *Id.*

Less than a year later, the trustee recorded a notice rescinding the notice of default. ECF No. 69-1.  That notice stated that the trustee "rescind[s], cancel[s] and withdraw[s]" the notice of default. *Id.*  It also stated that:

this rescission shall not in any manner be construed as waiving or affecting any breach or default--past, present or future--under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election; without prejudice, not to cause a sale to be made pursuant to said Notice, and shall in no way jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor alter in any respect any of the terms, covenants, conditions or obligation thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as [if] said Notice of Default had not been made and given.

*Id.* The trustee recorded another notice of default and election to sell on November 4, 2008. ECF No. 69-2. But in August 2010, that notice was also rescinded with similar language. ECF No. 69-5.

By reinstating the deed of trust, the rescissions decelerated the debt and reinstated the original loan maturity date of February 1, 2036. *Valin v. Nationstar Mortg., LLC*, No. 2:19-cv-01785-GMN-DJA, 2019 WL 5697171, at *3-4 & n.2 (D. Nev. Nov. 4, 2019) (holding that rescissions with similar language were decelerations that re-started the clock under § 106.240). Consequently, the deed of trust has not been extinguished by operation of § 106.240.

**B. Homeowner Tender**

1. Timeliness

SFR contends I should not consider Nationstar's arguments and evidence regarding homeowner tender because Nationstar did not allege tender in its complaint and did not assert it as an affirmative defense or a counterclaim. Nationstar responds that it raised the defense in its answer and SFR has been on notice of the evidence of homeowner tender since 2015 and of the legal theory that homeowner tender can cure the superpriority default since 2017. Nationstar thus contends it has not waived the claim or defense.

1     SFR has known about the evidence supporting homeowner tender since 2015, when

2   Nationstar disclosed it in discovery. *See* ECF No. 60-2.  Additionally, SFR has known that

3   homeowner payments can satisfy a superpriority lien since 2017, when the Supreme Court of

4   Nevada issued *Saticoy Bay LLC Series 2141 Golden Hill v. JPMorgan Chase Bank N.A.*, No.

5   408 P.3d 558, 2017 WL 6597154, at *1 (Nev. Dec. 22, 2017).  Contrary to SFR's argument,

6   Nationstar raised homeowner tender in its answer to SFR's counterclaim.[1] ECF No. 54 at 8-9.

7   After Nationstar filed its answer, the parties had a discovery period, so SFR had both the

8   opportunity and incentive to conduct discovery on this issue. *See* ECF No. 58.  Thus, there is no

9   prejudice to SFR in considering Nationstar's arguments and evidence, both as a defense and as

10   part of Nationstar's affirmative claim for declaratory relief.[2] *Cf.* Fed. R. Civ. P. 15(b)(1) ("If, at

11

---

[1] To the extent SFR contends the defense is barred by the statute of limitations, I disagree. *See Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01750-APG-BNW, 2019 WL 3291522, at *4 (D. Nev. July 22, 2019).

[2] To the extent SFR contends considering homeowner tender on Nationstar's affirmative claim for declaratory relief would be barred by the statute of limitations, I disagree.  The relevant limitation period is four years. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).  The HOA sale was conducted on September 26, 2013. ECF No. 65-8.  Nationstar filed this suit on January 23, 2015. ECF No. 1.  I stayed the case on August 18, 2016. ECF No. 45.  I lifted the stay on September 9, 2019. ECF No. 53.  Nationstar moved to amend on November 6 and for summary judgment on December 3, 2019. ECF No. 65.  Excluding the period of stay, the statute of limitations does not bar consideration of the homeowner tender arguments.  The stay period is subject to tolling because it was a procedural impediment to Nationstar moving to amend, it was not within Nationstar's control, SFR has not suffered prejudice, and the interests of justice weigh in favor of bringing an end to this long-running dispute. *See Ocwen Loan Servicing, LLC v. BFP Investments 5, LLC*, No. 2:15-cv-01841-APG-EJY, 2020 WL 1866267, at *4 (D. Nev. Apr. 14, 2020) (holding that the limitation period was equitably tolled while the case was stayed by court order and justice was "best served by allowing Plaintiff's claims to proceed"); *D.R. Horton, Inc. v. Eighth Jud. Dist. Ct.*, 358 P.3d 925, 930-31 (Nev. 2015) (en banc) (holding five-year period to bring a case to trial under Nevada Rule of Civil Procedure 41(e) was tolled while a court-ordered stay was in place); *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011) ("Equitable tolling operates to suspend the running of a statute of limitations when the only bar to a timely filed claim is a procedural technicality," "the danger of prejudice to the defendant is absent," and "the interests of justice so require." (quotation omitted)).  I recognize I recently accepted Magistrate Judge Weksler's recommendation to deny Nationstar's motion to

6

trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended.  The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."); *Victorino v. FCA US LLC,* 2017 WL 2578794 at *8 (S.D. CA 2017) (allowing amendment of complaint at summary judgment stage to assert a new defect where there was no evidence of bad faith, discovery was on-going, and the defendant had prior notice of the facts).

### 2.  Merits

A homeowner's payments can cure the superpriority default. *9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 459 P.3d 227, 230 (Nev. 2020).  In general, "[w]hen a debtor partially satisfies a judgment, that debtor has the right to make an appropriation of such payment to the particular obligations outstanding." *Id.* (quotation omitted).  "The debtor must direct that appropriation at the time the payment is made." *Id.* (quotation omitted).  If the debtor does not direct how to apply the payment, then the creditor may decide how to allocate it. *Id.*  "If neither the debtor nor the creditor makes a specific application of the payment, then it falls to the court to determine how to apply the payment" by reference to "the basic principles of justice and equity so that a fair result can be achieved." *Id.* (quotation omitted).

The notice of delinquent assessment lien was recorded on February 15, 2007. ECF No. 65-4.  The monthly assessment amount was $31. ECF No. 65-7.  There is no evidence of

---

amend to add these allegations. *See* ECF Nos. 73, 74.  But that motion was denied due to Nationstar's lack of diligence in moving to amend after the stay was lifted.  That does not alter my conclusion that the stay tolled the limitation period and that the pleadings should be conformed to the evidence.

maintenance or nuisance abatement charges.[3] *Id.*  Consequently, the superpriority amount was $279.

Prior to the HOA sale, Chin made multiple payments that exceeded the superpriority amount. *See id.* at 3-5.  In October 2006, Chin made a $205 payment. *Id.* at 24.  In October 2007, Chin made a $417 payment to the HOA's foreclosure agent, Red Rock Financial Services (Red Rock), who forwarded $53 to the HOA. *Id.* at 17-20.  In November 2007, Chin made a $417 payment to Red Rock, who forwarded $186 to the HOA. *Id.* at 12-16.  In December 2007, Chin made a $417 payment to Red Rock, who forwarded $124 to the HOA. *Id.* at 6-8.  There is no evidence that Chin directed how his payments should be applied.  However, the HOA's and Red Rock's records show the payments were applied to the assessments for the months of June 2006 through February 2007. *See id.* at 5, 24 (in the "applied to" column, referring to $31 amounts for the first day of each month for the months from June 2006 through February 2007).[4]

Nationstar thus has met its initial burden of establishing the superpriority amount and that Chin's payments were applied to pay it off.  The burden thus shifts to SFR to present evidence raising a genuine dispute.  SFR has not done so.  I therefore grant Nationstar's motion and deny SFR's motion as to the parties' declaratory judgment and quiet title claims.  For these same reasons, I deny SFR's motion for default judgment against Bay Capital Corporation.  Bay Capital

---

[3] The HOA's ledger shows unexplained "fines" in March and April 2007.  Because those fines post-date the notice of delinquent assessment lien, they are not included in the superpriority amount even if they constitute nuisance abatement or maintenance fees. *See Saticoy Bay LLC v. JPMorgan Chase Bank*, No. 71246, 408 P.3d 558, 2017 WL 6597154, at *1 (Nev. 2017) ("Although appellant correctly points out that there were new unpaid monthly assessments at the time of the sale, these new unpaid monthly assessments could not have comprised a new superpriority lien absent a new notice of delinquent assessments.").

[4] Even if the evidence did not clearly show how the HOA applied the payments other than to a running balance, I would allocate the payments to the superpriority amount for many of the same reasons set forth in *Deutsche Bank Nat'l Tr. Co. v. SFR Investments Pool 1, LLC*, No. 2:14-cv-01131-APG-VCF, 2020 WL 3470304, at *4 (D. Nev. June 24, 2020).

Corporation was the original lender under the deed of trust. ECF No. 71-3.  Because SFR cannot show the deed of trust was extinguished, it is not entitled to judgment against Bay Capital Corporation.

### C.  Unjust Enrichment

SFR argues Nationstar's unjust enrichment claim fails because Nationstar did not own the property, so SFR did not obtain anything belonging to Nationstar.  Nationstar did not respond. Because Nationstar did not present evidence or argument that SFR was unjustly enriched, I grant SFR's motion on this claim.

## II.  CONCLUSION

I THEREFORE ORDER that SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 62) is GRANTED in part and DENIED in part**.  The motion is granted as to Nationstar Mortgage, LLC's unjust enrichment claim.  The motion is denied in all other respects.

I FURTHER ORDER that that Nationstar Mortgage, LLC's motion for summary judgment **(ECF No. 65) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of Nationstar Mortgage, LLC and against SFR Investments Pool 1, LLC as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Sunset Pass Homeowners Association on September 26, 2013 did not extinguish the deed of trust and the property located at 5065 Auburn Skyline Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that SFR Investments Pool 1, LLC's motion for default judgment against Bay Capital Corporation **(ECF No. 71) is DENIED**.

/ / / /

/ / / /

I FURTHER ORDER that the clerk of court is instructed to enter judgment consistent with this order and to close this case.

DATED this 14th day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE